### HARRIS et v HUMMELL

Ohio Appeals, 1st Dist, Hamilton Co·

No 4725.  Decided March 18, 1935

· Henry E. Beebe, Cincinnati, for plaintiffs in error.

Benjamin P. Pink, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, J.

It is clear from this evidence of the plaintiff himself that he was a mere licensee. The law is: A licensee takes his license subject to its attendant perils and risks, and the licensor owes him no duty except to refrain from wantonly or wilfully injuring him and to exercise ordinary care after discovering him to be in peril.

From the recital of the evidence given by the plaintiff, there is no case of wanton or wilful injury, or that the defendant had any knowledge that the plaintiff was in any danger.

It might be added that there is no evidence in the record of any prior knowledge of any defect, and it may well be doubted whether the record discloses any lack of ordinary care, were that the rule to be applied. Moreover, the weight of the evidence is that the plaintiff below was guilty of contributory negligence. He undertook, without authority, to investigate. Any reasonable man would expect under the circumstances to find a defect in the water heater. He borrowed a match, went into the basement and struck the match, apparently to ascertain whether gas was escaping. Of course, this might be a conclusion for the jury, but, under the facts of the case, the presumption of contributory negligence would arise.

Again, there is no proof that the failure of the water heater to heat the water produced the gas which apparently exploded, causing the injury. As stated in the case of **St. Marys Gas Co. v Brodbeck, Admr., 114 Oh St, 423, at 427:**

"It is possible that it might have been either natural gas, or sewer gas, or gasoline fumes."

Plaintiff testified that after the explosion, he went down to the basement to investigate and that gas "sizzled from the bottom

of the heater " This, however, does not prove the cause of the explosion, nor does it show knowledge or lack of inspection on the part of the landlord. This is not a res ipsa case.

The case would have to be reversed for lack of proof under the liability for ordinary care, but since we have the direct question of liability to a licensee which requires wanton and wilful negligence, and there being no evidence as to this, the judgment will be reversed and final judgment entered in this court for the plaintiffs in error.

ROSS, PJ, and MATTHEWS, J, concur.